UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBINSON LABS, INC.,<br>Plaintiff,<br>v.<br>WALLS INDUSTRIES, INC.,<br>Defendant. | Civil Action No. 01-CV-1604 |

**STIPULATED PROTECTIVE ORDER**

It is hereby stipulated and agreed by and between counsel for the Parties that the terms and conditions of this Stipulated Protective Order shall govern the handling of documents, answers to interrogatories, depositions, pleadings, exhibits and other information exchanged by the Parties in this action.

It is hereby ORDERED as follows:

1. This Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, and other information or copies thereof which the disclosing Party designates as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" hereafter furnished, directly or indirectly, by or on behalf of any party in connection with this action. The term "Party" shall include the following: the named Parties to this litigation; all successors thereof; all present divisions, subsidiaries or affiliates of any of the foregoing entities; all current joint ventures, partnerships, or limited partnerships of which any of the foregoing entities is a member of a joint venture



FILED JAN 17 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

or a limited or general partner; and all directors, officers, employees, agents, or representatives of any of the foregoing entities. This Order shall also be applicable to all third-party discovery.

2. In designating information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY, a Party shall make such a designation only as to information which that Party in good faith believes is used by it in, or pertaining to, its business, and which is not generally known and which the Party would normally not reveal to third parties or would cause third parties to maintain in confidence. CONFIDENTIAL information and CONFIDENTIAL ATTORNEYS' EYES ONLY information shall be used by the Parties to this litigation solely for the purpose of conducting this litigation, and not for any other reason.

3. Information designated as CONFIDENTIAL may be disclosed only to the following persons:

(a) outside counsel (excluding in-house counsel) working on this action on behalf of any Party, all paralegal, assistants, stenographic, clerical, and other employees working under the direct supervision of such counsel;

(b) any person not affiliated with a Party who is expressly retained by any attorney described in paragraph 3(a) to provide expert testimony in this matter or to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

(c) any party or directors, officers or employees of a Party who are required by such Party to work directly on this litigation, with disclosures only to the extent necessary to perform such work;

(d) the Court, court personnel, and the jury;

(e) court reporters, videographers for depositions, and their clerical personnel assisting outside counsel; and

(f) photocopy services employed or retained by the receiving party's outside counsel.

4. Any CONFIDENTIAL information which a producing Party or third party reasonably believes should not be disclosed to a party director, officer or employee of the receiving Party may be designated by the producing Party through its counsel at the time of disclosure of such information as CONFIDENTIAL ATTORNEYS' EYES ONLY.

5. Information designated as CONFIDENTIAL ATTORNEYS' EYES ONLY material may be disclosed only to the following persons:

(a) outside counsel working on this action on behalf of any Party (excluding "in-house" counsel), and all paralegal assistants, stenographic, clerical, and other employees working under the direct supervision of such counsel;

(b) any person not affiliated with a Party who is expressly retained by any attorney described in paragraph 5(a) to provide expert testimony in this matter or to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

(c) the Court, court personnel and the jury;

(d) court reporters, videographers at depositions, and their clerical personnel assisting outside counsel; and

(e) photocopy services employed or retained by the receiving party's outside counsel.

6. Subject to the provisions below, the persons described in paragraphs 3(b) and (c) shall have access to the CONFIDENTIAL information and the persons described in paragraph 5(b) shall have access to the CONFIDENTIAL ATTORNEYS' EYES ONLY information once they have been made aware of the provisions of this Order and have manifested their assent to be bound thereto by signing a copy of the "ACKNOWLEDGMENT" appended hereto. Prior to the disclosure of any CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS' EYES ONLY information, a copy of the ACKNOWLEDGMENT and a statement of whether CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS' EYES ONLY information is sought to be disclosed shall be provided to opposing counsel, who shall have ten (10) business days from the date of receipt of such notification to object to the disclosure by contacting the Court. Failure to make such contact within ten (10) business days shall be deemed a waiver of any objection to the disclosure. No CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS' EYES ONLY information shall be disclosed during the ten (10) business day period for objection, or pending resolution of any objection raised to the Court regarding any proposed disclosure of such information.

7. Should a receiving Party need to disclose CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information beyond the terms of paragraphs 3 or 5, the attorneys working in this action on behalf of the receiving Party will request permission from the producing Party of the documents, materials, or other information to be disclosed, identifying the person or persons to whom disclosure is to be made, the extent of the disclosure sought, and the basis for such disclosure. Approval of the disclosure must be obtained, either through agreement of the parties or by Court

order, before disclosure is made by the receiving Party under this paragraph. This Order contemplates reasonable cooperation between the Parties with respect to any request for disclosure; approval will not be withheld without reasonable basis.

8. Each individual who receives any CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information in accordance with any provision of this Order hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to performance under, compliance with, or violation of this Order.

9. The recipient of any CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information that is provided under this Order shall maintain such information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, and use of such information pursuant to this Protective Order.

10. In the case of documents, interrogatory answers, responses to requests for admission, and the information contained therein, designation of information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY shall be made by placing one of the following legends, or a substantially similar legend, on any such document prior to its production: CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY. To facilitate the inspection of large volumes of documents without the need to first affix a confidential designation to the face of each, the producing party may, at its option, permit counsel for the receiving party to initially inspect the documents for the purpose of designating those to be copied, and the producing party need only thereafter affix said designation to the copies of the documents designated to

be copied. In this event, the receiving party will treat any information learned in its initial inspection that is not contained in the copied documents as being designated CONFIDENTIAL ATTORNEYS' EYES ONLY material.

In the event that a producing Party inadvertently fails to stamp or otherwise designate a document or other information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY at the time of its production, and the producing Party thereafter discovers that a document or information was not properly designated, the producing Party shall inform the recipient Party of the proper designation within five (5) business days of the discovery, and the recipient party shall make reasonable efforts to mark the document(s) or information in the manner requested by the producing Party and thereafter treat the document in accordance with such marking.

11. In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS' EYES ONLY information shall be made by a statement to such effect on the record in the course of the depositions or upon review of such transcript by counsel for the Party to whose CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS' EYES ONLY information the deponent has had access. If there is no statement on the record designating any portion of the transcript as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY and if no such review and designation is made within fifteen (15) days after receipt of the transcript, the transcript shall be considered as not containing any CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS' EYES ONLY information. Any designation made after such review shall be communicated in writing that identifies by page, line, and exhibit information

designated as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed CONFIDENTIAL ATTORNEYS' EYES ONLY.

12. Transcripts of depositions will not be filed with Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters.

13. A Party shall not be obligated to challenge the propriety of a CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party to this litigation disagrees at any stage of these proceedings with such designation, such Party shall provide to the producing Party written notice of the disagreement with designation. The Parties shall first try to dispose of such dispute in good faith on an informal basis as required by the Local Rules. If the dispute cannot be resolved, the Party challenging the designation may request appropriate relief from the Court no sooner than ten (10) business days after the written notice of the disagreement. The burden of proving that information has been properly designated as CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS' EYES ONLY information is on the Party making such designation.

14. If any Party to this litigation files with the Court any documents or deposition transcripts which are, in whole or in part, designated as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information, such documents or deposition transcripts shall be filed in a sealed envelope prominently marked with the caption of the suit and the notation:

"CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER. TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT"

The Court will, throughout the course of this litigation, retain the authority to decide which documents and deposition transcripts are to be maintained under seal.

15. In the event that any CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS' EYES ONLY information is used in any Court proceeding in connection with this litigation, it shall not lose its CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY status through such use, and the Parties shall take steps reasonably required to protect its confidentiality during such use.

16. Nothing in this Order shall preclude any Party to the action, its attorneys or any other person from disclosing or using, in any manner or for any purpose, any information or documents not obtained in discovery in this lawsuit, if such information is lawfully obtained from a third party having the right to disclose such information, even though the same information or documents may have been produced in discovery in this lawsuit and designated as CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS' EYES ONLY information.

17. Nothing in this Order shall preclude any Party to the lawsuit or its attorneys from : (a) showing a document designated as CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS' EYES ONLY information to an individual who either prepared or reviewed the document prior to the filing of this action, or (b) disclosing or using, in any manner or for any purpose, any information or documents from the Party's

own files which the Party itself has designated as CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS' EYES ONLY information.

18. The CONFIDENTIAL and CONFIDENTIAL ATTORNEYS' EYES ONLY information shall be used only for the purpose of this litigation, and not for any other purpose.

19. Within sixty (60) days of the termination of litigation between the Parties including appeal periods, all CONFIDENTIAL information, all CONFIDENTIAL ATTORNEYS' EYES ONLY information, and all copies thereof either shall be destroyed or returned to the Party that produced it. If the copies are destroyed, the destroying Party shall certify in writing to the producing Party that the destruction was completed. However, outside counsel for a party shall be entitled to retain for archival purposes one copy of pleadings, correspondence, memoranda, notes and other work product materials that refer to CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS' EYES ONLY information. Insofar as the provisions of this Protective Order restrict the communication and use of the documents produced thereunder, this Order shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in court (unless such exhibits were filed under seal) and (b) that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of such protective orders.

20. Within thirty (30) days of entry of this Order, the Parties shall make appropriate designations, consistent with the terms set forth herein, for all documents heretofore produced and other discovery heretofore engaged in, which were previously designated with a blanket "Confidential – Outside Attorneys' Eyes only" designation

pursuant to the October 16, 2001 Order of Judge Mason. Failure to make such designations within the prescribed time period will be treated as a waiver and will result in said documents and discovery having no claim to any level of confidentiality.

21. This Order is without prejudice to the right of either Party to seek relief from the Court, upon good cause shown, from any violation of, noncompliance with or failure to perform under any of the provisions contained in this Order. This Order shall not prevent either Party or any third party from applying to the Court for relief from the terms set forth herein.

22. If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within ten (10) days of receiving a written request for the return of such item or items of information from the producing party. The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure. If the producing party does not request the return of the document from the receiving party within ten (10) days of discovery of the inadvertent disclosure, then the party waives the privilege and/or immunity of that document.

23. Should any party to this litigation obtain documents from a third party, by subpoena or otherwise, which contain "Confidential" information of another party to this litigation or Confidential information of the third party, such documents shall be treated by the receiving party as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY under this Order if so designated by the producing third party.

24. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of, but without disclosing, CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information.

25. Nothing in this Order shall bar amendment of this Order by stipulation of the parties or by Order of the Court. Any such amendment made by stipulation of the parties shall be made in writing.

26. After notice to the Parties, this Court retains the right to modify this Order without agreement of the Parties.

IT IS SO ORDERED:

1/16/02
Dated

John M. Mason
United States Magistrate Judge

Dated: January 15, 2002

**PATTERSON, THUENTE, SKAAR & CHRISTENSEN, P.A.**

Randall T. Skaar (#165, 013)
James H. Patterson (#154,428)
Eric H. Chadwick (#248,769)
4800 IDS Center, 80 South 8th Street
Minneapolis, Minnesota 55402
Telephone: (612) 349-5740

**ATTORNEYS FOR PLAINTIFF ROBINSON LABS, INC.**

Dated: Jan. 15, 2002

**FISH & RICHARDSON P.C., P.A.**

Michael E. Florey (#214,322)
Ann N. Cathcart Chaplin (#284,865)
3300 Dain Rauscher Plaza
60 Sixth Street South
Minneapolis, MN 55402
Telephone: (612) 335-5070

Of Counsel
Steven M. Weinberg (Pro Hac Vice)
Greenberg Traurig LLP
2375 East Camelback Road
Suite 700
Phoenix, AZ 85016

**ATTORNEYS FOR DEFENDANT WALLS INDUSTRIES, INC.**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ROBINSON LABS, INC.,

Plaintiff,

v. Civil Action No. 01-CV-1604

WALLS INDUSTRIES, INC.,

Defendant.

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that he/she has read the STIPULATED PROTECTIVE ORDER which was entered by the Court on _______________, in the above-captioned action, that he/she is one of the persons contemplated in paragraph 3 or 5 thereof as authorized to receive disclosure of information designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY, respectively, by either of the parties, and that he/she fully understands and agrees to abide by the obligations and conditions of the Protective Order, including submitting to the jurisdiction of this Court.

Dated : ____________________

______________________________
(Signature)

___________________________
(Title or Position)

_____________________________________________

_____________________________________________

_____________________________________________
(Address)

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.