UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ROBINSON LABS, INC.,

Plaintiff,

v.

WALLS INDUSTRIES, INC.,

Defendant.

CIVIL NO. 01-1604 (RHK/JMM)

ORDER

The above matter came on for hearing before the undersigned on March 4, 2002 upon Plaintiff's Motion to Join Shelter Pro, L.L.C. as a Party "for Purposes of Defendant's Counterclaim 2" [Docket No. 64]. Scott G. Ulbrich, Esq. appeared on behalf of Plaintiff; Ann N. Cathcart Chaplin, Esq. appeared on behalf of Defendant.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Plaintiff's Motion to Join Shelter Pro, L.L.C. as a Party [Docket No. 64] is denied.

Dated: March 14, 2002

JOHN M. MASON
United States Magistrate Judge

FILED MAR 14 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**MEMORANDUM**

Plaintiff and Defendant sell camouflaged garments for use by hunters. Plaintiff is the owner of U.S. Patent No. 5,695,835. The Complaint alleges that Defendant sells garments which infringe that patent. Defendant asserted counterclaims alleging, *inter alia,* unreasonable restraint of trade in violation of Minn. Stat. § 325D.51 ("Count 2").

The matter came before the Court on Plaintiff's Motion to Join Shelter Pro, L.L.C. ("Shelter Pro") as a Party For Purposes of Count 2 of the Counterclaim. Count 2 alleges that Plaintiff and Shelter Pro engaged in a conspiracy under which they agreed that Plaintiff would not license other companies to sell the products at issue unless the new licensee agreed to maintain the artificially high prices that Plaintiff and Shelter Pro had established in the market.

Plaintiff argues that Shelter Pro should be joined because Count 2 alleges that Shelter Pro was a party to the conspiracy. Plaintiff also argues that it will be substantially prejudiced if Shelter Pro is not joined because Plaintiff will be placed in the unfavorable position of having to defend against Count 2 without the participation of the other party alleged to have participated in the conspiracy. Plaintiff further argues that Shelter Pro should be joined to avoid the possibility that Plaintiff may have to re-litigate issues and/or claims raised in the instant case against Shelter Pro in the future.

Defendant objects to the motion arguing that Shelter Pro is not a necessary party because, as a mere licensee, it does not have the power to prevent the type of unreasonable restraint of trade violations alleged in this case. Defendant suggests that Plaintiff can, as the licensor, prevent such violations from occurring in the future by simply

not participating in the type of conduct complained of in the Counterclaim. Defendant further argues that even if Shelter Pro were a necessary party, Rule 19(a) cannot be used to compel it to add an additional counterclaim defendant.

Shelter Pro also objects to the motion arguing that it would be unduly prejudiced if it were joined in the lawsuit because (1) it has no interest in the litigation; and (2) as a small company with limited financial resources that is located in a foreign jurisdiction, it would suffer substantial hardships in the form of legal costs and inconvenience if it were joined. Shelter Pro further argues that joinder is not necessary to permit Plaintiff the opportunity to mount an adequate defense to Count 2 of the Counterclaim.

The Federal Rules of Civil Procedure governing joinder provide, in relevant part, as follows:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a). Thus, a party should be joined as a necessary party to an existing action if: (1) the person is subject to service of process; (2) the person will not deprive the court of jurisdiction over the subject matter; (3) in the person's absence, complete relief

cannot be accorded among those already parties; and (4) the person claims an interest relating to the subject of the action and disposition of the action in that person's absence may impair or impede the person's ability to protect that interest. Guthrie v. Circle of Life, 176 F. Supp. 919, 922 (D. Minn. 2001).

After considering the relevant factors, the Court finds that the Motion should be denied. Shelter Pro may be subject to service of process (a fact not substantiated in the moving papers) and the Court could maintain subject matter jurisdiction over the case if Shelter Pro were joined. However, complete relief can be accorded the existing parties without joining Shelter Pro, Shelter Pro claims no interest in the lawsuit, and proceeding in its absence will not impede its interests.

The Court finds that complete relief can be accorded among the existing parties without adding Shelter Pro. Gwartz v. Jefferson Mem'l Hosp. Ass'n, 23 F.3d 1426, 1428 (8th Cir. 1994) ((rule 19(a)(1) "requires joinder only when the absence of the unjoined party prevents complete relief among the parties"). The gist of the relief sought by the Counterclaim is an injunction prohibiting Plaintiff from committing future unreasonable restraints of trade against Defendant. Such relief may be accorded without adding Shelter Pro because the Court can grant the sought after relief by ordering Plaintiff to stop engaging in such restraints of trade. The Counterclaim does not seek to enjoin Shelter Pro from doing anything, and as Defendant points out: "[r]ule 19(a) cannot be used to compel counterclaim-plaintiff . . . to add an additional counterclaim-defendant." (Defendant's Memorandum at 3) (citing Humphrey v. Stanolind Oil & Gas Co., 232 F.2d 925, 927 (5th Cir. 1956); Muir v. U.S. Steel Corp., 451 F.R.D. 428, 430 (E.D. Pa. 1967)).

See also, Diagnostic Unit Inmate Council v. Films, Inc., 88 F.3d 651, 654 (8th Cir. 1996) ("Rule 19(a) . . . makes no provision for a plaintiff to require another person to maintain an action vested solely in such other person, even though its maintenance might result in benefit to the plaintiff.")

In addition, the Court rejects Plaintiff's argument that Shelter Pro should be joined because it is an alleged co-conspirator. In a suit to enjoin a conspiracy, not all of the alleged conspirators need be joined in the action. State of Georgia v. Pennsylvania R.R. Co., 324 U.S. 439, 463 (1945) (citing United Shoe Mach. Co. v. United States, 258 U.S. 451 (1922); Waterman v. Cana-Louisiana Bank Co., 215 U.S. 33 (1909)).

Plaintiff also claims that it will not be able to mount a proper defense if Shelter Pro is not joined. The Court finds that such an argument is not persuasive. Although Shelter Pro is located outside of the subpoena power of this Court and therefore Plaintiff cannot compel Shelter Pro to testify at trial if it is not joined, the rules of discovery allow Plaintiff to depose Shelter Pro's employees and others should it chose to solicit such testimony for presentation during a trial on the merits.

The Court also finds that Plaintiff's argument that it may be subject to incurring double, multiple, or otherwise inconsistent obligations if Shelter Pro is not joined, is not persuasive. The focus of Rule 19(a)(1) "is on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." International Bhd. of Teamsters, et al. v. Commercial Warehousemen Co., 84 F.3d 299, 302 (8th Cir. 1996).

J.M.M.