UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ROBINSON LABS, INC., CIVIL NO. 01-1604 (RHK/JMM)

Plaintiff,

v. ORDER

WALLS INDUSTRIES, INC.,

Defendant.

The above matter came on for hearing before the undersigned on May 15, 2002 upon Plaintiff's Motion to Compel Discovery [Docket No. 77]. Eric Chadwick, Esq. appeared on behalf of Plaintiff; Michael Florey, Esq. appeared on behalf of Defendant. At the conclusion of the hearing, the Parties were allowed until May 22, 2002 to submit Supplemental Memoranda concerning the issue of the disclosure of the opinion of patent counsel for Defendant.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Discovery [Docket No. 77] is denied.

Dated: May 24, 2002

JOHN M. MASON
United States Magistrate Judge

MEMORANDUM

Plaintiff submitted a proposed Order with its Motion, as required by Local Rule 7.1(a). The Motion failed to specify the discovery items which were in dispute, but at

FILED MAY 24 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD____
DEPUTY CLERK____

oral argument, counsel for Plaintiff stated which discovery items were in dispute as to each paragraph of the Proposed Order, which we now consider separately.

## I. PROPOSED ORDER, PARAGRAPH 1 [INTERROGATORY NO. 4; DOCUMENT REQUEST NO. 43]

Interrogatory No. 4 asks:

> State whether Defendant will rely upon any legal opinion(s) as a defense to willful infringement of the '835 Patent. If so, IDENTIFY the PERSON or PERSONS who gave the opinion(s); IDENTIFY the PERSON or PERSONS who received the opinion(s), and state whether the opinion(s) was oral, written or both, and state the date that each such opinion was rendered.

Document Request No. 43 requests Defendant to produce:

> All documents referring to, relating to, reflecting, or constituting any analysis or opinion regarding the '835 Patent, including any analysis of infringement, claim interpretation, enforceability, validity, or patentability.

The broad issue presented by the Parties was whether this is the appropriate time for the Defendant to be required to elect whether it will rely upon advice of counsel as a defense to the claim of willful infringement, and if so whether it should be required to provide that legal opinion at this time.[1] We conclude that Plaintiff has not substantiated a need for the information at this time, and therefor deny the Motion without prejudice.

The Parties do not disagree as to the general standards to be applied. The Court is called upon to balance the right of the Defendant to maintain the privilege of its

---

1

A separate issue, perhaps, is whether a party may be obliged at an earlier date to identify the name of lawyers who have rendered opinions as to validity or infringement, and the date of those letters. However, the parties have not argued the point, and given the phrasing of the Interrogatory, the duty to provide that information in this case will arises only if Defendant will rely upon the opinions as a defense. The breadth of the request for documents was also not addressed by the parties.

communications with its attorneys, against the right of Plaintiff to prepare its case for trial. E.g. Quantum Corp. v. Tandon Corp., 940 F.2d 642 (Fed. Cir. 1991). No firm rules of timing have been adopted by this Court, and it would not appear that the resolution of the question is subject to application of a fixed rule that would have application in every case. In most cases, it is to be expected that the disclosure will be made close to the time that discovery closes, and this is the result which has been reached in a number of decisions in this District to which the Parties have called our attention.

In this case, Plaintiff suggests that knowledge of the substance of the opinions would be of value in fostering settlement discussions. The view seems to be that if in fact Defendant has solid legal opinions which will thwart Plaintiff's quest for punitive damages, this will have one effect upon the attitude of Plaintiff towards the settlement value of the case, while the absence of such an opinion would have the opposite effect. We do not believe that the interest of Plaintiff in the strength or weakness of its settlement position is among the factors to be balanced under the applicable standards. And even if it were, we do not perceive mandatory early disclosure to be likely to move the Parties closer to a middle ground. To whatever extent the news is good for one side, the news is bad for the other. The Parties remain the same distance apart, but at different levels.

Courts must keep in mind that although the opinion of counsel does not have determinative significance in the consideration of the issue of willfulness. First of all, the question of willfulness is decided based upon the totality of the circumstances, of which the opinion of counsel is just one. More important, it is principally the existence of the opinion, and not its content, which is material.

> While an opinion of counsel letter is an important factor in determining the willfulness of infringement, its importance does not depend upon its legal correctness. Indeed, the question arises only where counsel was wrong. Rather, counsel's opinion must be thorough enough, as combined with other factors, to instill a belief in the infringer that a court might reasonably hold the patent is invalid, not infringed, or unenforceable. . . . Thus, [Defendant's] intent and reasonable beliefs are the primary focus of a willful infringement inquiry.

Ortho Pharmaceutical Corp. v. Smith, 959 F.2d 936, 944 (Fed. Cir. 1992). See also Johns Hopkins University v. Cellpro, Inc., 152 F.3d 1342, 1364 (Fed. Cir. 1998)("Our case law makes clear that legal opinions that conclude (even if ultimately incorrectly) that an infringer would not be liable for infringement may insulate an infringer from a charge of willful infringement if such opinions are competent (and followed).)"

## II. PROPOSED ORDER, PARAGRAPH 2 [INTERROGATORY NOS. 33 AND 42]

Paragraph 2 of the proposed Order seeks the production of documents, and the Memorandum submitted in support also stated that documents were sought. However, at oral argument counsel for Plaintiff stated that his desire was to obtain responses to Interrogatory Nos. 33 and 42. Since no Motion was brought to seek these responses the Motion must be denied. See Local Rule 37.

The failure to follow the procedures of Local Rule 37 did not merely create a technical problem, it led to substantive problems as well. It appeared to the Court that Defendant may be willing to provide the information genuinely sought by Plaintiff, or at least enough of the information to resolve the dispute. The Motion was served without a genuine attempt to learn whether there was a willingness to provide the information, leading to unnecessary expense to the parties.

## III. PROPOSED ORDER, PARAGRAPH 3 [DOCUMENT REQUEST NO. 18]

This issue was another which was susceptible to resolution at a meeting as required by Local Rule 37.1. In any event, at the hearing it was made to appear that the Defendant was willing to provide the samples to Plaintiff if Plaintiff would pay the freight. If Plaintiff wishes to keep or alter the samples, it may purchase them from Plaintiff for wholesale cost.

J.M.M.

## *Featured Speakers Include:*

**District of Minnesota**

**Judge David S. Doty**

**Judge Donovan W. Frank**

**Judge Paul A. Magnuson**

**Judge Ann D. Montgomery**

**Judge John R. Tunheim**

**Chief Magistrate Judge Jonathan Lebedoff**

**Magistrate Judge Arthur J. Boylan**

**United States Bankruptcy Court**
**District of Minnesota**

**Judge Robert J. Kressel**

**Application Pending for 7.5 CLE Credits Including 2 Ethics and 1 Bias Credit**

**The Minnesota Chapter of the Federal Bar Association**
c/o Kelly & Berens, P.A.
80 S. 8th Street, Suite 3720
Minneapolis, MN 55402

NON-PROFIT
ORGANIZATION
U.S. POSTAGE
PAID
Minneapolis, MN
Permit No. 2657

**MINNESOTA CHAPTER OF THE FEDERAL BAR ASSOCIATION**

**In connection with**
**The Federal Judiciary**

# *28th Annual Federal Court Practice Seminar*

**June 19, 2002**
**8:00 am—5:15 pm**

**Minneapolis Convention Center**
**1301 Second Avenue South**
**Room 208**
**Minneapolis, MN 55402**
**(612) 335-6000**

## Morning Session:

| | |
|---|---|
| 7:30-8:00 | Registration |
| 8:00-8:15 | Opening Remarks and Welcome, *Judge Ann D. Montgomery* |
| 8:15-9:00 | Securities Law Issues in the Wake of Enron, *Timothy J. Warren (SEC Midwest Regional Office), Professor Niels Schaumann (William Mitchell College of Law), Karl L. Cambronne (Chestnut & Cambronne)* |
| 9:00-9:45 | Current Issues in Employment Law, *Judge Paul A. Magnuson, Linda L. Holstein (Parsinen Kaplan Rosberg & Gottlieb PA), John R. McDonald (Meagher & Geer, PLLP), Daniel Oberdorfer (Leonard, Street and Deinard)* |
| 9:45-10:00 | Morning Break |
| 10:00-10:45 | Current Initiatives in the U.S. Attorneys' Office, *Tom Heffelfinger (U.S. Attorneys Office)* |
| 10:45-11:45 | Discovery Disputes: Professionalism in the Practice of Law?, *Judge David S. Doty, Chief Magistrate Judge Jonathan Lebedoff, Magistrate Judge Arthur J. Boylan,* |
| 11:45-12:45 | Lunch (Room 211) |

11:45-12:45 Lunch (Room 211)

## Afternoon Session:

| | |
|---|---|
| 12:45-1:30 | The Clerk's Office Can Be Your New Best Friend, *Celeste Shahidi, Lou Jean Gleason, Mary Lenner, Gertie Simon, Andy Seldon* |
| 1:30-2:15 | How to Effectively Teach and Persuade in Patent or Intellectual Property Cases: Why, When and How, *Judge Donovan W. Frank, Becky R. Thorson (Robins, Kaplan, Miller & Ciresi), Stephen J. Davidson (Leonard, Street and Deinard)* |
| 2:15-3:15 | Issues in the Wake of 9/11: Racial Profiling -- *Daniel M. Scott (U.S. Federal Public Defenders' Office)*; Response by the Department of Justice -- *Tony Brown (U.S. Attorneys Office)* |
| 3:15:3:30 | Afternoon Break |
| 3:30-4:15 | Update on Technology Tools for Litigating in Federal Court, *Judge John R. Tunheim, Judge Robert J. Kressel, Eric J. Magnuson (Rider, Bennett, Egan & Arundel)* |
| 4:15-5:15 | Ethics in "Real Life" Practice Situations, *Martin A. Cole (Lawyers Professional Responsibility Office)* |

## Seminar Registration

☐ Member $195.00

☐ Non-Member $225.00

Name

Firm/Employer

Address

Phone

E-Mail

**Complete registration form and send with check payable to:**

**Minnesota Chapter, FBA**
**c/o Nancy Gustafson**
**Kelly & Berens, P.A.**
**Suite 3720 IDS Center**
**80 South Eighth Street**
**Minneapolis, Minnesota 55402**

**Not a Member? Join the FBA**

*To apply on-line or to download application form go to http://www.fedbar.org and click on "Join the FBA."*

Questions call: Barbara P. Berens, Vice President, Planning, Minnesota Chapter FBA (612)-349-6171

**Annual Seminar Planning Committee:**

Kristine M. Boylan, Meagher & Geer, P.L.L.P.

Catherine A. McEnroe, Leonard, Street and Deinard

Celeste M. Shahidi, U.S. Courthouse Minneapolis Building

Susan Nolting, U.S. Department of Justice

Maureen Watz Gornik, Warren E. Burger Federal Building